**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONSTANTINO BASILE, | No. 14-56418 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-04264-DMG-JPR |
| v. | |
| SONY PICTURES ENTERTAINMENT INC., a Delaware corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Constantino Basile appeals pro se from the district court's order dismissing

his action alleging that defendants' movie *Men in Black 3* infringed upon his

copyrighted works "Crisis on Jupiter" and "The World of Jupiter." We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Basile's copyright infringement action because there is no substantial similarity, as a matter of law, between protected elements of Basile's copyrighted works and comparable elements of defendants' film, and any similarities in the general concepts are unprotected. *See Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076-78 (9th Cir. 2006) (absent direct copying, a plaintiff must show substantial similarity to prevail on a copyright infringement claim); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002) ("Scenes-a-faire, or situations and incidents that flow necessarily or naturally from a basic plot premise, cannot sustain a finding of infringement."); *Berkic v. Crichton*, 761 F.2d 1289, 1292-94 (9th Cir. 1985) (setting forth factors to determine substantial similarity).

Contrary to Basile's contention, the district court did not abuse its discretion in failing to consider evidence irrelevant to the dispositive legal issue of whether there was substantial similarity between the works. *See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164-66 (9th Cir. 1995) (setting forth standard of review and

2

discussing relevance).

All pending motions and requests are denied.

**AFFIRMED.**